IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CR-00096-KDB-DSC-7

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| LAVORIS QUOSEAN HECTOR | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Lavoris Quosean Hector's *pro se* motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 and appointment of counsel (Doc. No. 227). This is Defendant's second filing with the Court asserting the same general complaints and requesting compassionate release. (Doc. No. 224). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

Defendant's previous motion for compassionate release was denied for failure to exhaust his administrative remedies within the Bureau of Prisons as required under 18 U.S.C. § 3582(c)(1)(A) and not properly supported by evidence. According to the BOP website, FCI Beckley, currently has 5 inmates and 1 staff with confirmed active cases of COVID-19. There are approximately 1,200 inmates at FCI Beckley. There have been no inmate nor staff deaths and 18 inmates and 5 staff have recovered. Given these conditions, the Court finds no reason to disturb its prior ruling requiring Defendant to exhaust his administrative remedies within the BOP

before petitioning this Court for relief. (Doc. No. 226). This Court has previously addressed the Defendant's request and the Defendant presents no new evidence that would change the Court's prior ruling.

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 and appointment of counsel (Doc. No. 227), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: October 27, 2020

Kenneth D. Bell
United States District Judge